**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

BRANDON CLINTON,                      )
                                      )
              Plaintiff,              )
                                      )
      v.                              )            No. 1:21-CV-144 JMB
                                      )
REYNOLDS COUNTY COURTS,               )
et al,                                )
                                      )
              Defendants.             )

### OPINION,  MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Brandon Clinton, an inmate at the Missouri Eastern Correction Center (MECC), for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915. Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a *certified* prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a *certified* copy of his prison account statement in support of his claim.

### Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff, Brandon Clinton, and inmate at the Missouri Eastern Correctional Center filed the instant complaint pursuant to 42 U.S.C. § 1983 against the Reynolds County Missouri Courts and the Reynolds County Prosecutors Office on October 4, 2021.

Plaintiff claims that he was sentenced to five (5) years' probation with a "ten-year back-up" with an additional one-year long-term drug treatment sentence. He claims that he was convicted of a Class C felony for possession of half of a gram of fake weed. However, when he got to the Missouri Department of Corrections, he was told that he did not qualify for a drug treatment program. Plaintiff claims that he was also given a ten-year sentence at that time. He asserts that he should not have been given such a long sentence for possessing half of a gram of fake weed.

Plaintiff seeks 350 million dollars in damages in this lawsuit.

**Plaintiff's States Court Criminal Matters**

An Information was filed against plaintiff on November 12, 2019, charging plaintiff with three counts of passing a bad check. *See State v Clinton*, No. 19RE-CR00199 (42nd Judicial Circuit, Reynolds County Court).[1] Plaintiff plead guilty on January 8, 2020, and he received a suspended imposition of sentence of twelve months and placed on probation. On October 21, 2020, plaintiff's probation was revoked, and he was sentenced to forty-five (45) days in jail, as well as twelve (12) months' probation. *Id.*

An Information was filed against plaintiff on June 16, 2020, charging plaintiff with trespass in the first degree. *See State v. Clinton*, No. 20RE-CR00102-01 (42nd Judicial Circuit, Reynolds County Court). Plaintiff plead guilty on January 14, 2021, and he was sentenced to fifteen (15) days in jail. *Id.*

An Information was filed against plaintiff on July 13, 2020, charging plaintiff with assault in the fourth degree. *See State v. Clinton*, No. 20RE-CR00134-01 (42nd Judicial Circuit, Reynolds County Court). Plaintiff plead guilty on January 14, 2021, and he was sentenced to thirty (30) days in jail. *Id.*

A criminal complaint was filed against plaintiff on August 20, 2020, charging plaintiff with delivery of a controlled substance (methamphetamine). *See State v. Clinton*, No. 20RE-CR00165-01 (42nd Judicial Circuit, Reynolds County Court). Defendant plead guilty on April 12, 2021, and

---

[1]Plaintiff's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

he was sentenced to ten (10) years' imprisonment in the Missouri Department of Corrections on that same date. *Id.*

**Discussion**

The complaint is subject to dismissal. Plaintiff's claims against the Reynolds County Courts and the Reynolds County Prosecutors Office are legally frivolous because these entities cannot legally be sued. *Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

Even if plaintiff had named individuals from these offices in his lawsuit, he could not maintain his action against defendants relative to his allegations pursuant to 42 U.S.C. § 1983. Because plaintiff is pursuing money damages against defendants, his allegations are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck v. Humphrey*, the Supreme Court faced the issue of whether a state prisoner could challenge the constitutionality of his criminal conviction in a suit for damages under § 1983. *Heck v. Humphrey*, 512 U.S. 477, 478 (1994). The Court determined that the plaintiff's § 1983 action for damages was not cognizable. *Id*. at 483. In doing so, the Court noted that a § 1983 action was not the appropriate vehicle for challenging criminal judgments. *Id*. at 486.

To recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id*. at 487-88. Thus, when a state prisoner seeks

5

damages pursuant to § 1983, the Court must consider whether a judgment for the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id*. at 488. If it would, the Court must dismiss the complaint unless the plaintiff can show that the conviction or sentence has already been invalidated. *Id. See also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (concluding that state prisoner's "claim for declaratory relief and money damages based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983"); and *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) (discussing application of *Heck* rule in § 1983 cases).

In this action, plaintiff alleges that defendants violated his rights by imprisoning him after finding him guilty of possessing methamphetamine in violation of the laws of Missouri. Plaintiff seeks money damages because of these alleged violations of his civil rights. However, plaintiff has already plead guilty to the crime of which he is complaining of, and he has been sentenced in Reynolds County to a term of ten (10) years of imprisonment in the Missouri Department of Corrections. As such, his claims against defendants are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED AS MOOT**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 15th day of December, 2021.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE